WILLIAM DENTON, PETITIONER-DEFENDANT, v. OTIS ELEVATOR COMPANY ET AL., RESPONDENTS-PROSECUTORS.

Submitted May 4, 1948—Decided September 8, 1948.

Before Justices DONGES, COLIE and EASTWOOD.

For the prosecutors, *Cox & Walburg* and *Arthur F. Mead*.

For the defendant, *David Roskein* and *John A. Laird*.

The opinion of the court was delivered by

DONGES, J. This writ of *certiorari* brings up a determination of the Hudson County Court of Common Pleas reversing a finding of the Workmen's Compensation Bureau and awarding compensation for partial permanent disability to the petitioner-defendant against the prosecutor-respondent Otis

Elevator Company. The petitioner rested his claim upon the doctrine of the case of *Geltman* v. *Reliable Linen and Supply Co.*, 128 *N. J. L.* 443, and similar cases, and claimed that the heart condition from which he is suffering and which is causing his disability was the result of disturbance and excitement caused by an altercation which arose in the course of his performance of his duties.

On January 18th, 1945, petitioner was pursuing his duties as a guard at the Second Street gate of the Otis Elevator plant in Harrison, New Jersey. It was a stormy day, with rain and sleet, and petitioner was standing on the step of the guardhouse, a short distance from the gate, to secure some measure of shelter from the weather. Three agents of the United States government came to the plant for the performance of their work in connection with the entry into a contract between the company and the government. They drove their automobile into the gate and onto the driveway where they were stopped by the petitioner. After inquiries as to the purpose of their visit, they were told that they could not leave the car in the driveway. Accordingly they moved it some fifty feet to a parking area and, leaving the car, came to the guardhouse where they conferred with petitioner and also with a woman guard or receptionist on duty in the house.

After the location of the person they were to see was ascertained the government men left to enter the plant by another gate. The petitioner claims that his negotiations with these men grew into an argument which excited him and that his pain around the heart "did not start until I started the argument and got them to back out." And further he testified that after the incident which occurred at about 11 or 11:30 o'clock in the morning, he sat down for about five minutes.

The woman guard on duty with the petitioner testified that the car came through the gate and was parked in the lot; that the men and petitioner came into the guardhouse to learn their destination; that no argument took place in her presence and that the men seemed to be co-operative. She did not hear what went on outside the guardhouse but petitioner told her he had had an argument with them and seemed to be nervous.

Petitioner continued to work until quitting time at 3 o'clock when he went home. His chest pain persisted and that evening he called guard headquarters and a fellow guard was sent with a car to take him to the hospital. He remained overnight but left the next day to go home and thereafter was under treatment for his heart.

Two of the three government men who were in the car appeared as witnesses at the hearing before the Compensation Bureau and each denied that there had been any argument, harsh talk or threats of violence. They described the incident as an ordinary interview between a wartime plant guard and persons seeking entrance to the plant. The third man was not available to testify.

There was evidence that the petitioner had complained of pains in his chest on January 14th and that he remained away from work as a result thereof on January 15th, 16th and 17th. On the 18th, his first day back at work, the attack occurred. The question here presented is different from that in *Geltman* v. *Reliable Linen and Supply Co., supra*. There the Court of Errors and Appeals determined that a fatal heart attack following upon and testified to have been caused by an admitted altercation, which produced emotional and nervous shock and was attended by an attempted assault or threat of assault, constituted an accident arising out of and in the course of the employment of the decedent.

In the instant case the question is whether or not there was in fact an altercation or argument which could have caused any disturbance to the petitioner. He alone testifies to such an incident. Two of the three men concerned denied anything out of the ordinary occurred. One said that petitioner seemed to be annoyed or vexed that they were attempting to enter his gate and did not know exactly where they wanted to go, but no incident such as that which occurred in the Geltman case is testified to, even by the petitioner himself. The fellow guard said the visitors seemed to be cooperative and not argumentative. The burden of establishing the occurrence of an accident, an untoward incident (in this case the altercation), was upon the petitioner. We conclude that he did not sustain this burden of proof in the light of

the negative testimony of all the other witnesses who could and probably would have been aware of any such incident as he described and relies upon as the compensable accident.

We are of the opinion that the judgment of the Common Pleas Court must be reversed and that of the Compensation Bureau affirmed.